UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LEONEL RODRIGUEZ, on behalf of himself,
individually, and all other persons similarly situated,

                              Docket No.:

                 Plaintiff,

                              **COMPLAINT**

    -against-

PLAYSITES + SURFACES, INC. a/k/a PLAYSITES
PLUS SURFACES, INC., TYW CONTRACTING INC.,
and WILLIAM CALDERONE,

                Defendants.
-----------------------------------------------------------------------X

      Plaintiff, LEONEL RODRIGUEZ, on behalf of himself, individually, and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, PLAYSITES + SURFACES, INC. a/k/a PLAYSITES PLUS SURFACES, INC., TYW CONTRACTING INC., and WILLIAM CALDERONE (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

      1.    Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), unpaid wages stemming from Defendants' failure to pay Plaintiff wages for certain hours worked at his agreed upon rates of pay under the NYLL, failure to provide accurate wage statements for each pay period under NYLL § 195(3), failure to furnish a wage notice upon his hire in his primary language under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(1) as all Defendants reside within the Eastern District of New York, and 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. At all times relevant, Plaintiff LEONEL RODRIGUEZ ("Rodriguez") is and was a resident of the County of Suffolk, State of New York.

6. At all times relevant, Plaintiff Rodriguez was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

7. At all times relevant, Defendant PLAYSITES + SURFACES, INC. a/k/a PLAYSITES PLUS SURFACES, INC. (hereinafter "Playsites") is and was a domestic business corporation with a principal place of business located at 103 Brightside Avenue, Central Islip, New York 11722.

8. At all times relevant, Defendant TYW CONTRACTING INC. (hereinafter as "TYW Contracting") is and was a domestic business corporation with a principal place of business located at 103 Brightside Avenue, Central Islip, New York 11722.

9. At all relevant times, Playsites and TYW Contracting were subject to the requirements of the FLSA because they together had annual gross revenue of at least, or exceeding, $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to playground materials, materials for safety surfaces, fuel for vehicles, vehicles, office supplies, and other tools, equipment and materials, many of which originated outside of New York. Moreover, Defendants operated in New York and many other states, requiring employees, including Plaintiff, to travel in vehicles on highways and interstate routes across state lines from New York to other states and from other states to New York.

10. Defendants Playsites and TYW Contracting are two corporations that operate as a common enterprise. Defendants Playsites and TYW Contracting, in all respects, operate as a single enterprise as if they were one and the same. Playsites and TYW Contracting share interrelated operations, a centralized control of labor relations, and common financial control within their businesses. Indeed, Playsites and TYW Contracting share a common facility at their mutual principal place of business at 103 Brightside Avenue, Central Islip, New York 11722. Additionally, Plaintiff and employees of Playsites and TYW Contracting cannot ascertain which corporation is their employer or which corporation they are performing services for at any given time. Moreover, Plaintiff receives compensation from both corporations, as he is paid by check from both Playsites and TYW Contracting, often for work performed in the same workweek, in which Defendants split Plaintiff's hours worked between the two corporations in a flagrant attempt

3

by Defendants to avoid paying Plaintiff's full wages owed for overtime under the FLSA and NYLL.

11. At all times relevant, Defendants Playsites and TYW Contracting were and are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

12. At all times relevant, Defendant, WILLIAM CALDERONE, is and/or was an officer or owner of Playsites, had authority to make payroll and personnel decisions for Playsites, had authority to hire and fire, and set the rates of pay for employees of Playsites, was active in the day to day management of Playsites, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, was responsible for maintaining employment records, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

13. Defendants design and install playgrounds and safety surfaces for its clients throughout New York State, including in New York City, Nassau County, and Suffolk County. Defendants provide these services in numerous other states as well, including, *inter alia*, in New Jersey, Connecticut, Massachusetts, Rhode Island, Pennsylvania, Maryland, District of Columbia, Delaware, Virginia, Chicago, and Florida.

14. Defendants' employees, including Plaintiff, performed services throughout Long Island, New York, New York State and New Jersey.

15. Defendants employed Plaintiff as a non-exempt laborer and construction worker from in or about April 2015 through in or about August 2019.

16. Throughout his employment, Plaintiff regularly worked five to six days per week on Mondays through Friday, and commonly on Saturdays, from between 4:45 a.m. and 6:00 a.m.

4

until between 5:00 p.m. and 8:00 p.m., and sometimes even later. Accordingly, Defendants required Plaintiff to work, Plaintiff did regularly work, between 55 hours and 81 hours during each workweek.

17. Throughout his employment, Defendants paid Plaintiff an hourly regular rate of pay for both his regular hours worked during the first forty hours of work each workweek and for most of his hours worked in excess of forty hours per workweek. As a result, throughout his employment, Defendants paid Plaintiff at his straight-time regular rate of pay for most of his hours worked in excess of forty hours per workweek, and – with the exception of rare occurrences where some overtime hours were paid at his correct rate – was not his statutorily-mandated overtime rate of pay of one and one-half times his regular rate of pay for his hours worked in excess of forty hours per workweek.

18. Throughout his employment, Defendants tracked Plaintiff's hours worked. Despite doing so, throughout his employment, Defendants repeatedly failed to pay Plaintiff for certain hours worked during many workweeks, instead failing to pay him at any rate of pay for certain hours of work during many workweeks. Thus, due to Defendants' practice of failing to compensate Plaintiff for all hours worked, Defendants have deprived Plaintiff of compensation for many hours at his applicable overtime rates of pay, and at his agreed upon rates of pay, during many workweeks.

19. Moreover, throughout his employment, Defendants required Plaintiff to commence his workday at Defendants' facility and travel to his assigned worksite and return to Defendants' facility from his assigned worksite at the end of his shift to conclude his workday. Throughout his employment, Defendants paid Plaintiff at a reduced hourly rate of pay for his time spent traveling from Defendants' facility to his assigned worksite and from his assigned worksite to Defendants'

5

facility. As a result, Defendants have deprived Plaintiff of compensation for many hours at his proper overtime rate of pay of one and one-half times his applicable regular rate of pay, and at his agreed upon rates of pay, during many workweeks.

20. Throughout his employment, Defendants paid Plaintiff by check. However, despite working for one common business enterprise, Defendants Playsites and TYW Contracting both paid Plaintiff for his work performed. In a scheme to willfully deprive him of overtime compensation and to violate the FLSA and NYLL, Defendants Playsites and TYW Contracting commonly split Plaintiff's hours worked during a single workweek between two checks issued by each of the corporate defendants, thereby giving the appearance of minimizing the number of hours that Plaintiff worked in a single workweek and masking that Plaintiff worked hours in excess of forty hours in a single workweek.

21. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by disregarding records of Plaintiff's actual hours worked during many workweeks, and by splitting Plaintiff's hours worked for one business enterprise between two corporate entities, in order to intentionally deprive Plaintiff of overtime compensation and compensation at his agreed upon rates of pay, in violation of the FLSA and NYLL.

22. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate in his primary language upon his hire as required by NYLL § 195(1).

23. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including his correct hourly rates of pay, amount of regular and overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

24. Defendants treated and paid Plaintiff and the collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

25. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime compensation for hours worked in excess of forty (40) hours each week.

26. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

27. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a manual laborer, construction worker and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

28. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Action Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully

deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

29. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

30. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for all of their hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

31. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

32. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

33. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

34. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

35. Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the NYLL.

36. By Defendants' failure to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, proper overtime wages for hours worked in excess of 40 hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

37. Defendants' violations of the New York Labor Law, as described in this Complaint, have been willful and intentional.

38. Due to Defendants' violations of the New York Labor Law, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(FAILURE TO PAY WAGES DUE UNDER NEW YORK LABOR LAW)**

39. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

9

41. Defendants failed to compensate Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, at their regular rate of pay for each hour that they worked in accordance with their agreed terms of employment.

42. Due to Defendants' violations of the New York Labor Law, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover for all hours worked for Defendants for which Defendants did not provide compensation at their regular rate of pay in accordance with their agreed terms of employment.

43. Due to Defendants' violations of the New York Labor Law, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are also entitled to liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

44. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

45. Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate statements of their wages earned, including their correct hourly rates of pay, amount of regular and overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

46. Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements with their wages as required by NYLL § 195(3), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## FIFTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

47. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action whose primary language is not English, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

48. Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action whose primary language is not English, with a written notice upon hire in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

49. Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action whose primary language is not English, with the notice required by NYLL § 195(1), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action whose primary language is not English, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i. An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

v. Unpaid wages, including but not limited to unpaid overtime compensation and unpaid wages owed at their agreed upon rates of pay, pursuant to the NYLL and Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

vi. Damages pursuant to New York Labor Law § 195(1), (3);

vii. Pre- and post-judgment interest as permitted by law;

viii. All attorneys' fees incurred in prosecuting these claims;

ix. All costs incurred in prosecuting these claims; and

x. Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 28, 2020

<div style="margin-left: 40%;">

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: _____
DAVID D. BARNHORN, ESQ.
PETER A. ROMERO, ESQ.

</div>